UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHEED AHMAD,

                    Plaintiff,

          -against-

SELIP & STYLIANOU, LLP,

                    Defendant.

25-CV-4250 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action against Selip & Stylianou, LLP under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, the Federal Trademark Act, 15 U.S.C. § 1051, *et seq.*, the Privacy Act of 1974, and the Driver's Privacy Protection Act (DPPA), 18 U.S.C. § 2721-2725. He also asserts claims under state law, including the New York Civil Rights Law § 50, and New York General Business Law § 349, and claims for malicious misuse of legal proceedings, fraud and negligent misrepresentation, and intentional infliction of emotional distress. By order dated May 28, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff was a party to a collection action in Bronx Civil Court, *Citibank, N.A. v. Rasheed Ahmad*, Index No. CV-007915-22/BX. Defendant Selip & Stylianou, LLP (Selip), a debt collection law firm, represented Citibank, N.A.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

2

in that action, but Plaintiff contends that Selip "never produced a power of attorney, assignment, or retainer agreement establishing legal authority to sue." (ECF 1 at 4.)

On May 6, 2024, the Bronx Civil Court denied Citibank's summary judgment motion for failure to submit admissible evidence; at trial, Citibank failed to produce a witness, and on October 22, 2024, the court dismissed the case with prejudice. Despite this, Selip "continued collection activity after dismissal by maintaining the case file, failing to correct public records, and refusing to update credit or legal references related to the alleged debt." (*Id.*, ¶ 9.)

Plaintiff further contends that Defendant Selip used his personal data and intellectual property without authorization. Specifically, Defendant used Plaintiff's registered trademarked name (Rasheed Ahmad) and likeness in court documents and collection communications without permission or license, despite direct notice of trademark protection. Plaintiff states that Selip included Plaintiff's identity information, including his name and address in public court filings, making these a matter of public record.

Plaintiff brings this action against Selip under the FDCPA, the Identity Theft and Assumption Deterrence Act, 18 U.S.C. § 1028A, the Federal Trademark Act, the DPPA, and state law. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief barring further unauthorized use of Plaintiff's name and information.

**DISCUSSION**

**A.    FDCPA**

The FDCPA prohibits, among other things, (1) harassing, oppressive, or abusive collection practices, 15 U.S.C. § 1692d, and (2) deceptive and misleading practices by a debt collector, 15 U.S.C. § 1692e. Plaintiff has not alleged that Defendant engaged in harassing, oppressive, or abusive conduct that violates Section 1692d. The filing of a lawsuit to collect a debt does not represent the "extrajudicial techniques of harassment designed to humiliate or

3

annoy a debtor" that Section 1692d was designed to protect against. *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 508, 520 (S.D.N.Y. 2013); *Finch v. Slochowsky & Slochowsky, LLP*, No. 19-CV-6273 (RPK), 2020 WL 5848616, at *3 (E.D.N.Y. Sept. 30, 2020) (holding that filing a lawsuit "is not properly understood as 'conduct the natural consequence of which is to harass, oppress, or abuse any person' under this provision. 15 U.S.C. § 1692d").

Plaintiff also has not alleged facts showing that Defendant engaged conduct that violates Section 1692e. Section 1692e contains a non-exhaustive list of conduct in violation of this section, which includes making a false representation of the character, amount, or legal status of the debt, 15 U.S.C. § 1692e(2)(A), making a threat to take any action that cannot legally be taken or that is not intended to be taken, § 1692e(5), communicating or threatening to communicate credit information that is known or which should have been known to be false, § 1692e(8), and the use of false representation or deceptive means to collect any debt, § 1692e(10).

Section 1692e "is violated when a debt collector uses 'any false, deceptive, or misleading representation or means in connection with the collection of any debt," *Pipiles v. Credit Bureau of Lockpor*t, 886 F.2d 22, 24 (2d Cir. 1989). Under this section, courts consider whether the misrepresentation would mislead "the least sophisticated consumer." *See Easterling v. Collecto, Inc.,* 692 F.3d 229, 234 (2d Cir. 2012). "For a misrepresentation to be actionable under the FDCPA, the false statement must be made to the debtor directly." *Okyere*, 961 F. Supp. 2d at 520.

Plaintiff's allegations are insufficient to allege that Defendant engaged in conduct that violated Section 1692e. Plaintiff alleges that a collection action against him in Bronx Court was dismissed with prejudice because a witness failed to appear; if so, Citibank is likely precluded, under the principle of *res judicata*, from initiating a new legal action for the same debt. Plaintiff

alleges vaguely that, after the collection action was dismissed, the debt collection law firm (1) continued to maintain the case file; (2) failed to correct public records; and (3) did not "update credit or legal references related to the alleged debt." (ECF 1 at 4, ¶ 9.) Plaintiff's allegation that Defendant maintained a case file does not state a claim for a violation of the FDCPA, and claims about furnishing information to credit reporting agencies arise under the Fair Credit Reporting Act (FCRA). Plaintiff does not identify any communication in which Selip misrepresented the legal status of the debt after judgment entered. Plaintiff's allegations thus fail to state a claim on which relief may be granted under the FDCPA, and the Court dismisses this claim, with 30 days' leave to replead. 28 U.S.C. § 1915(e)(2)(B)(ii).

Even if the Court were to liberally construe Plaintiff's allegations as a claim under the FCRA, there are several defects. First, "[t]he mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 434 (2021) (concluding that plaintiffs whose credit files were not disseminated to third parties lacked standing to sue for violations of the FCRA). Second, it is not clear that Selip, rather than Citibank, is a furnisher of information to consumer reporting agencies and therefore a proper defendant.

Moreover, the FCRA imposes two main duties on furnishers of information: (1) a duty to provide accurate information, 15 U.S.C. § 1681s-2(a); and (2) a duty to investigate after receiving a notice of dispute from the consumer reporting agency, 15 U.S.C. § 1681s-2(b). Violations of the duty to provide accurate information, Section 1681s-2(a), are enforced by certain government officials—not consumers themselves. *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012) ("[T]here is no private cause of action for violations of § 1681s-2(a)."); *Comunale v. Home Depot, U.S.A., Inc.*, 328 F. Supp. 3d 70, 79 (W.D.N.Y. 2018) ("There is no private cause of action under Section 1681s-2(a), for the FCRA limits the enforcement of this subsection to government

5

agencies and officials."). A private individual can sue for a violation of Section § 1681s-2(b), but Plaintiff does not allege that, subsequent to dismissal of the collection action, Defendant Selip failed to investigate after receiving a notice of dispute from the consumer reporting agency. Plaintiff's allegations therefore do not state a claim on which relief can be granted under the FCRA against Defendant Selip.

**B.    Identify Theft**

Plaintiff alleges that Defendant Selip engaged in "aggravated identity theft" under 18 U.S.C. § 1028A by engaging in "unsubstantiated debt collection," in which it represented a creditor "without legal assignment." (ECF 1 at 7.) Plaintiff invokes the Identity Theft and Assumption Deterrence Act, 18 U.S.C. § 1028, but "the statute is criminal in nature and provides no private right of action." *Garay v. U.S. Bancorp*, 303 F. Supp. 2d 299, 302 (E.D.N.Y. 2004); *Trombetta v. Novocin*, No. 18-CV-0993 (LTS) (SLC), 2024 WL 689144, at *6 (S.D.N.Y. Feb. 20, 2024) ("Plaintiff also attempts to assert a civil cause of action for identity theft under a federal criminal statute, which is not a cognizable claim for relief."), *recon. denied*, 2025 WL 1066210 (S.D.N.Y. Mar. 7, 2025). Plaintiff's claim for a violation of 18 U.S.C. § 1028A must therefore be dismissed because there is no private right of action under this criminal statute.

**C.    Federal Trademark Act (Lanham Act)**

Plaintiff invokes the Federal Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, also known as the Lanham Act, seeking damages for alleged trademark violations related to unauthorized use of his name.

To state a claim for trademark infringement, "a plaintiff 'must allege sufficient facts to establish: (1) that the plaintiff's mark is entitled to protection, and (2) that the defendant's use of [the] mark is likely to cause consumers confusion as to the origin or sponsorship of [its] goods' [or services]." *Adidas Am., Inc. v. Thom Brown Inc.*, 599 F. Supp. 3d 151, 158 (S.D.N.Y. 2022)

6

(citation omitted, second alteration in original). "A certificate of registration with the [United States Patent and Trademark Office] is *prima facie* evidence that the mark is registered and valid (*i.e.*, protectible), that the registrant owns the mark, and that the registrant has the exclusive right to use the mark in commerce." *Lane Capital Mgmt. Inc. v. Lane Capital Mgmt., Inc.*, 192 F.3d 337, 345 (2d Cir. 1999) (citing 15 U.S.C. § 1115(a)).

Plaintiff alleges that he owns a federally registered trademark for the name "Rasheed Ahmad" (USPTO Serial No. 97233787; Trademark No. 7429836), and that he gave public and direct notice of this protection. Defendant nevertheless "used Plaintiff's name and likeness in court documents and collection communications without permission or license." (ECF 1 at 4.)

Even if Plaintiff has a valid trademark for his name, his allegations do not state a claim that Defendant engaged in infringing use. There is no allegation that Defendant Selip used Plaintiff's name in commerce or in public communications with consumers. Using Plaintiff's name in a lawsuit against him does not constitute infringing activity. See, e.g., *Lane Capital Mgmt. Inc.*, 192 F.3d at 345 (explaining that trademark "registrant has the exclusive right to use the mark in commerce"). Plaintiff's allegations thus fail to state a claim under the Lanham Act on which relief may be granted, and this claim is dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.    Privacy Act of 1974**

The Privacy Act of 1974, codified at 5 U.S.C. § 552a, provides:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains [subject to 12 exceptions].

5 U.S.C. § 552a(b).

The Privacy Act thus regulates how federal agencies collect, maintain, use, and disseminate the personal information of individuals. It governs the conduct of an "agency,"

which is defined to mean "each authority of the Government of the United States." 5 U.S.C. § 551(1). The Privacy Act explicitly provides that an "individual may bring a civil action against the agency. . . ." 5 U.S.C. § 552a(g)(1).

Plaintiff alleges that Defendant Selip "accessed, obtained, and misused" Plaintiff's data, including data from the New York State Department of Motor Vehicles and the United States Postal Service. (ECF 1 at 5.) Because Selip is not a federal agency, it is not a proper defendant for a claim under Section 552a(b), and the Court dismisses this claim for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.     DPPA**

The DPPA provides a civil cause of action against "[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter." 18 U.S.C. § 2724(a). "Personal information" includes a name and address. 18 U.S.C. § 2725(3). DPPA specifically allows the use of such information

> in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State, or local court.

18 U.S.C. § 2721(b)(4).

Plaintiff's allegations that Defendant Selip accessed Plaintiff's motor vehicle records in the normal course of business for investigation in anticipation of litigation thus do not state a claim on which relief may be granted because such conduct is authorized under the DPPA. 28 U.S.C. § 1915(e)(2)(B)(ii).

**F.     State Law Claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted).

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Although Plaintiff's complaint gives little indication that he can state a claim against Defendant, the Court grants Plaintiff 30 days' leave to amend his complaint to replead his claims, keeping in mind the standards set forth in this order.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses Plaintiff's federal claims, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and declines supplemental jurisdiction of the state law claims, but grants Plaintiff 30 days' leave to replead.

9

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   April 27, 2026
         New York, New York

_Louis L. Stanton_

Louis L. Stanton
U.S.D.J.